**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 20-228** |
| | : | |
| **SHAWN COLLINS** | : | |

**JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE**

**IT IS HEREBY ORDERED THAT:**

1.      As a result of the defendant's guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One), the defendant hereby forfeits to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all right, title and interest in any firearm and ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(g)(1).

2.      The Court has determined, based on the facts set forth in the Guilty Plea Agreement, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal act alleged in Count One of the Indictment and that the government has established the requisite nexus between such property and such offense:

a)  One (1) Taurus, PT24/7 G2 C, 9mm handgun, bearing serial number TMT31804, loaded with twelve (12) live rounds of ammunition; and

b)  Any and all other ammunition

as the firearm and ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(g)(1) (hereinafter referred to as the "Subject Property").

3.      The defendant's interest in the Subject Property, that was involved in or used in any knowing violation of 18 U.S.C. § 922(g)(1) (Count One), to which the defendant admitted guilt, is forfeited to the United States.

1

4.      Upon the entry of this Order, the United States is authorized to seize the Subject Property, described at paragraph 2 above, and to dispose of the Subject Property in accordance with Fed. R. Crim. P. 32.2(b)(3).

5.      The Attorney General, or a designee, pursuant to Fed. R. of Crim. P. 32.2(b)(3), is authorized to conduct any discovery necessary to identify, locate, or dispose of property subject to this Order.

6.      Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

7.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

8.      The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their

2

attorney, if they are represented, as a substitute for published notice as to those persons so notified.

9.      Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

10.     Pursuant to Fed. R. Crim. P. 32.2(b)(4) the Preliminary Order of Forfeiture shall be made final, as to the defendant, prior tohis sentencing and shall be made part of the sentence and included in the judgment.  See United States v. Bennett, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in the sentence and in the judgment).

11.     Following the disposition of any petition filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

12.     The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

13.     The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14.     The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the

Federal Bureau of Investigation ("FBI") and to counsel for the parties.

**ORDERED this** 27th **day of** October , **2021.**

/s/ John M. Gallagher
HONORABLE JOHN M. GALLAGHER
*Judge, United States District Court*